The Honorable Ralph M. Tanner State Representative, 10th District 1201 Ninth Street, P.O. Box 647 Baldwin City, Kansas 66006
Dear Representative Tanner:
You ask who has standing to petition for a vacated public school building to be placed on the State and National Registers of Historic Places. The question could also be phrased as, "May the school be placed in the Registers when the school board did not request for registration?"
To put this issue in context, listing on the National Register does not, so far as federal law is concerned, burden landowners, but it does require that federal agencies take into account the effect of any proposed action on the protected property.[1] Listing on the National Register does make the property owners eligible for various grants and tax credits.
Listing on the National or State Register does, however, burden property under Kansas law, requiring that many projects affecting the property be reviewed by the State Historic Preservation Officer (SHPO) to determine harm to the property, and if harm is found, a determination by the relevant governing body that no feasible and prudent alternative exists before the project may proceed.[2]
Federal regulations establish five mechanisms for listing of a property, two of which need mentioning for present purposes:
 (1) Nominations prepared under approved state historic preservation programs, submitted by the SHPO and approved by the National Park Service (NPS)[3] and;
 (2) Nominations from any person or local government, but only if such property is located in a State with no approved State Historic Preservation Program approved by the NPS.[4]
Because Kansas has an approved plan, private citizens are not allowed to submit nominations directly to the NPS; nominations may be made only by the SHPO. In Kansas, the Secretary of the State Historical Society is the SHPO.[5]
Any person may submit a completed nomination form to the SHPO for consideration.[6] The SHPO makes an initial determination as to whether the form is properly completed and documented.[7] If it is properly completed and documented, the SHPO causes various notices to be sent (discussed in more detail below), and forwards the form to the State Review Board, which reviews the nomination and makes a recommendation to the SHPO.[8] If the SHPO believes it meets registration criteria, the SHPO then forwards the nomination to the NPS, or if the SHPO disagrees, the SHPO must only submit a disputed nomination if requested by the Board.[9] Any person may appeal to the Keeper of the National Register of Historic Places (Keeper) from a determination by the SHPO/Review Board that a property does not meet the register criteria.[10]
Nominations from the SHPO go to the Keeper. Any person or organization supporting or opposing a nomination by the SHPO may petition the Keeper.[11] Nominations are placed in the National Register within 45 days of receipt, unless the Keeper disapproves a nomination or an appeal is filed (or the owner of private property objects).[12]
Federal law requires the SHPO to consult with local authorities in the nomination process.[13] The SHPO is required to provide notice of its intent to nominate a property to the property's owners.[14] Owners are defined to include "public agencies holding fee simple title to property."[15] Owners of private property, however, are also notified that they have a right to object to the listing.[16] Privately owned property may not be placed on the national list if the owner objects (or if a majority of owners object in the case of a historic district).[17]
Because the school building is not private property, the school board would be unable to keep it from being added to the National Register by objecting.
The language in the federal statutes and regulations concerning SHPOs and state boards of review in states with approved State Historic Preservation Programs is mandatory in nature, and essentially requires them to consider a properly completed nomination form submitted by any person, and they are essentially required to forward them to the NPS if they meet criteria for registration.[18] For a state to have an approved program:
 "It shall be the responsibility of the State Historic Preservation Officer to administer the State Historic Preservation Program and to . . . identify and nominate eligible properties to the National Register and otherwise administer applications for listing historic properties on the National Register."[19]
An attempt to limit the SHPO's authority to nominate public buildings could be inconsistent with the National Historic Preservation Act, and this inconsistency could possibly result in the program's loss of approval.
The State Register of Historic Places is established by K.S.A.75-2721.
 "(a) The state historical society shall have the following historic preservation powers and duties:
 "(1) Undertake a statewide survey to identify and document historic properties, including all those owned by the state, its instrumentalities and political subdivisions.
 "(2) Prepare and maintain a state register of historic places, which shall include all those listed on the national register of historic places. The historical society shall adopt standards for the listing and maintenance of historic properties on the state register consistent with relevant federal standards for preservation and care of historic properties."
The only other relevant State statute is K.S.A. 75-2720(a), which provides that the State Historic Sites Review Board approves nominations to the State and National Registers. Nothing in Kansas statutes limits a SHPO's authority to nominate a public property to the National or State Register without the consent of the property's owner.[20]
In conclusion, in a state, such as Kansas, with an approved Historic Preservation Program, only the State Historic Preservation Officer (SHPO) may formally submit a nomination for listing of a property on the National Register of Historic Places to the National Park Service. Only the State Historic Sites Review Board, in conjunction with the SHPO, can list a property on the State Register of Historic Places. Any person may submit a nomination form for any property to the SHPO. While private property may not be placed on the National Register without the owners consent, no statutory provisions limit the placement of public property on either the National or State Registers.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Steve Phillips Assistant Attorney General
CJS:JLM:SP:jm
[1] 36 C.F.R. § 60.2(a).
[2] K.S.A. 1999 Supp. 75-2724.
[3] 36 C.F.R. § 60.1(b)(3).
[4] 36 C.F.R. § 60.1(b)(4).
[5] K.S.A. 75-2717, Executive Order 76-17.
[6] 36 C.F.R. § 60.11(a).
[7] Id.
[8] 36 C.F.R. § 60.5(j).
[9] 36 C.F.R. § 60.5(l). If a private property owner disputes a nomination, it is still forwarded for determination of eligibility for listing. 36 C.F.R. § 60.5(n). Again, the effect determining that a property is eligible, but not actually listed, is to cause a review of harm from federal projects.
[10] 36 C.F.R. § 60.12.
[11] 36 C.F.R. § 60.6(t).
[12] 36 C.F.R. § 60.6(r).
[13] 36 C.F.R. § 60.5(b).
[14] Id.
[15] 36 C.F.R. § 60.3(k).
[16] 36 C.F.R. § 60.5(b).
[17] 16 U.S.C. § 470a(a)(6); 36 C.F.R. § 60.5(j). The prohibition on listing of property in the National Register without the owner's consent was not in the original Act, Pub.L. 89-665 (1966), but was added later in a major revision of the Act, Pub.L. 96-515 (1980).
[18] 36 C.F.R. § 60.11; 16 U.S.C. § 470a(3).
[19] 16 U.S.C. § 470a(b)(3)(B).
[20] The KSHS informed this office that the State Historic Sites Review Board has adopted a policy of not listing private property on the State Register without the owner's consent.